# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO:

LEVIATHAN SECURITY GROUP, INC.,
a Delaware corporation,

    Plaintiff,                                JURY TRIAL DEMANDED

v.

LEVIATHAN DEFENSE GROUP LLC
d/b/a Leviathan Security Solutions,
a Florida Limited Liability Company and
Michael W. Bird, Jr., an individual,

    Defendants.

_____/

## COMPLAINT

Plaintiff LEVIATHAN SECURITY GROUP, INC. for its complaint alleges as follows:

### NATURE OF THE CASE

1. This is an action for willful trademark infringement, false designation of origin and unfair competition arising under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") and related claims of trademark infringement and unfair competition under the common laws of the State of Florida.

### JURISDICTION AND VENUE

2. Federal jurisdiction in this action is based on 15 U.S.C. § 1121 (Lanham Act, § 39) and 28 U.S.C. §§ 1331 and 1338, by virtue of 15 U.S.C. § 1051 *et seq.* This Court also has supplemental jurisdiction over the Florida common law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper, inter alia, under 28 U.S.C. § 1391(b) because, upon information

and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Furthermore, venue is proper as Defendants may be found in this judicial district, maintain their location within this judicial district, and are engaged in actions and omissions that are creating acts of trademark infringement and/or unfair competition within this judicial district.

## THE PARTIES

4. Plaintiff LEVIATHAN SECURITY GROUP, INC. ("Leviathan" or "Plaintiff") is a Delaware corporation with its principal place of business in Seattle, Washington.

5. Defendant LEVIATHAN DEFENSE GROUP d/b/a LEVIATHAN SECURITY SOLUTIONS OR LEVIATHAN DEFENSE GROUP ("LDG" or "Defendant") is a Florida Limited Liability company having a place of business at 3710 Buckeye Street, Suite 110, Palm Beach Gardens, FL 33140 – formed on August 7, 2020, about four months ago, with the State of Florida.

6. Defendant Michael W. Bird, Jr. ("Bird") is, upon information and belief, an individual residing at 13825 Emerson St., Apt. 405, Palm Beach Gardens, FL 33418 and is the CEO of LDG.

## GENERAL ALLEGATIONS

### Leviathan and its Registered Trademark

7. Founded in 2006, Leviathan is an internationally respected security and risk management consultant, and a security training and research company. Leviathan offers comprehensive information security services and security consulting, including information governance, risk, compliance, threat modeling, and secure development, and other security services. In the past, Leviathan has also offered additional forms of security services, including personal security. Leviathan has been in business for over 14 years and their clients range from Fortune 500 companies to startups, and from lawyers and high net worth individuals to banks to utilities.

Leviathan has clients throughout the United States, including throughout Florida.

8. Leviathan advertises through its website www.leviathansecurity.com, Facebook, Twitter, LinkedIn, and other social media sites. Leviathan attends trade shows and many other security industry events, including speaking engagements, and is well known throughout the United States.

9. Since 2006, Leviathan has offered its comprehensive security services under the word mark LEVIATHAN SECURITY GROUP and other variations of this same mark.

10. On or about April 16, 2015, Leviathan prepared and filed a Section 1(a) application before the United States Patent & Trademark Office ("USPTO") for the word mark LEVIATHAN SECURITY GROUP in International Class 42. That application became United States Trademark Application Serial No. 86/600,413 ("the '413 Application").

11. On February 10, 2016, the USPTO issued a notice of publication for the '413 Application for Class 42 services of "Computer consulting services; technological consulting and research services for others in the technical fields of computer and network security; and Computer security consultancy in the field of scanning and penetration testing of computers and networks to assess information security vulnerability." The '413 Application was never opposed by any third party. On May 17, 2016, the USPTO issued United States Trademark Registration 4,958,501 ("the '501 Registration") based upon the underlying '413 Application. The '501 Registration remains valid and enforceable and is referred to as the "Leviathan Mark" herein.

12. Since 2006, Plaintiff has spent a considerable amount of time, energy, and financial resources to actively advertise, market, and promote its line of high-quality security services under the Leviathan Mark. One of Plaintiff's principal advertising channels used in this endeavor is Internet advertising including, but not limited to, its comprehensive website located at

www.Leviathansecurity.com (hereinafter the "Leviathan Website"), its use of social media (including but not limited to Facebook, LinkedIn, Twitter), and sponsored link paid-for advertising via third-party search engines including, but not limited to, Google.

### Defendants and Their Infringing Conduct

13. Formed approximately four months ago, LDG was incorporated for the specific purpose of providing comprehensive security services to individuals, companies, and government agencies. Such wide ranging and comprehensive security services are marketed and advertised to prospective customers under the names "Leviathan Security Solutions," "Leviathan Secure," "Leviathan Defense Group," and "Leviathan" (the "Infringing Names").

14. Defendant Bird, upon information and belief, is the CEO of LDG and is responsible for, among other things, the launch of the LDG Florida office, the marketing of LDG and its services, and the continued and willful use of Infringing Names. Upon information and belief, Bird was personally responsible for overseeing and implementing the LDG marketing and advertising campaign under the Infringing Names and for choosing the Infringing Names in the first instance.

15. On October 8, 2020, Defendants registered through Registrar Godaddy www.leviathansecure.com for purposes of marketing and advertising LDG's security services. Such efforts are clearly meant to compete with the Plaintiff's www.leviathansecurity.com website. Upon information and belief, Defendants specifically chose a domain name that contained "Leviathan" and "Security" in order to associate Defendants' competing security services with the Leviathan Mark (including but not limited to the Leviathan Website and all social media sites) – as well as to create the improper association as to being affiliated with Leviathan. In addition, the websites advertised the services in such a nearly identical manner that consumers viewing the competing websites would likely be confused between the websites, which company was which, and whether the two were related or connected.

16. On October 8, 2020, Defendants registered through Registrar Godaddy www.leviathandefensegroup.com for purposes of marketing and advertising LDG's security services. Such efforts are clearly meant to compete with the Plaintiff's www.leviathansecurity.com website. Upon further information and belief, the name "LEVIATHAN DEFENSE GROUP" was selected because it differs from Plaintiff's mark LEVIATHAN SECURITY GROUP only by removal of a single word. Upon information and belief, Defendants specifically chose a domain name that contained "Leviathan" in order to associate Defendants' competing security services with the Leviathan Mark (including but not limited to the Leviathan Website and all social media sites) – as well as to create the improper association of being affiliated with Leviathan.

17. According to www.Achive.org, Defendants launched the www.leviathansecure.com website in October of 2020, and, at least by November 1, 2020, began consumer facing marketing of their services under the name **LEVIATHAN SECURE, LEVIATHAN SECURITY SOLUTIONS ----**



- Why Leviathan
- Services
  - Security Consulting
  - Security Training
  - Residential Services
  - Commercial Services
  - Executive Services
  - Contract Services
  - Additional Services
- News
  - Newsroom
  - Blog
- Contact



18. Further, Defendants launched a presence in Twitter for "Leviathan Security Solutions" and "@SecureLeviathan" that also was advertising their broad based security services--



19. On or about October 20, 2020, through www.prnewswire.com, Defendants issued a news release for Leviathan Security Solutions announcing the launch of the company and the security services.

20. Upon information and belief, Defendants unveiled a comprehensive social media presence at https://www.facebook.com/leviathansecure and secureleviathan – which was and is unauthorized. Thereafter, upon information and belief, Defendants later changed the Facebook page to Leviathan Defense Group and began using the www.LeviathanDefenseGroup.com website as its main website --- all of which are improper use of the Leviathan Mark and, therefore, are a violation of Plaintiff's trademark rights regarding the Leviathan Mark:

21. Defendants' adoption and continued use of the Infringing Names to identify their line of security services risks considerable consumer confusion with Plaintiff's trademark rights regarding the Leviathan Mark, as the Infringing Names are slavish copies with one word differences from the Leviathan Mark. The dominant portion of Defendants' marketing features the word "Leviathan."

22. Defendants' Infringing Names are identical and/or substantially identical to the Leviathan Mark. Upon information and belief, Defendants' first use of the Infringing Names in the United States occurred sometime in the Fall of 2020, long after Leviathan's 2006 established rights in the Leviathan Mark.

23. Both Leviathan and LDG offer similar security services to the very same and similar customer base. What is more, both Leviathan and Defendant use the very same advertising channels.

24. Defendants are not now and have never been authorized or licensed in any way by Leviathan to use or exploit Leviathan's Leviathan mark in connection with Defendants' business. Moreover, Leviathan has not consented to the use of the Infringing Names by Defendants and Leviathan has previously provided notice to Defendants that such use constitutes a violation of Leviathan's trademark rights.

25. This constitutes clear acts of unfair competition which risks considerable consumer confusion in that potential or actual customers of Leviathan may believe that Defendants' services are affiliated, sponsored, endorsed, or related to Leviathan.

26. In fact, there has already been actual confusion in the marketplace, not limited to LDG's advertisement for employees where the prospective employee contacted Leviathan thinking they were contacting LDG.

27. Upon information and belief, Defendants were fully aware of the Leviathan Mark prior to the adoption and use of the Infringing Names. Despite such knowledge, Defendants have adopted, used, and continue to use the infringing marks, including their continued use after Leviathan objected thereto. Such conduct was undertaken in bad faith.

28. A Google search for "Leviathan Security Solutions" and "Leviathan Security" produces top hits that leads consumers to the Leviathan Website. Moreover, a Google search for "Leviathan Defense Group" produces a top hit that leads consumers to Leviathan Defense, a company from Michigan that, upon information and belief, sells firearms and is unrelated to LDG:



29. A LinkedIn Search for Leviathan Defense Group lists Leviathan's Website as a

similar page leading consumers to believe that Leviathan is associated with LDG, which it is not.



30. Leviathan will be irreparably harmed by Defendants by the continued use in the United States of the Infringing Names. Leviathan has worked for 14 years to build up its reputation and attract high-wealth, important customers. LDG's infringing use threatens to immediately undermine and confuse the reputation of Leviathan.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT**
**15 U.S.C. § 1125(a)**

31. Leviathan re-alleges and incorporates by reference paragraphs one (1) through thirty (30) as if fully set forth herein.

32. Defendants by their conduct described above, are using, in connection with services provided in commerce in the United States, a false designation and representation of the origin of Defendants' services and a false designation and representation of sponsorship, authorization by or in connection with Leviathan's services, all in willful violation of 15 U.S.C. § 1125(a) (Lanham Act, § 43(a)).

33. Such conduct by Defendants, if not enjoined, will cause confusion and deception as

to the source of origin, sponsorship, or approval of Defendants' services or commercial activities with those of Plaintiff.  Likewise, Plaintiff will suffer additional irreparable harm unless Defendants are enjoined by the Court from continuing those acts, which constitute unfair competition.

34.     Upon information and belief, Defendants' acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## 15 U.S.C. § 1114

35.     Leviathan re-alleges and incorporates by reference paragraphs one (1) through thirty (30) as if fully set forth herein.

36.     As previously addressed in greater detail above, Leviathan maintains exclusive and unencumbered rights to the Leviathan Mark as set forth in the '501 Registration in International Class 42 for "Computer consulting services; technological consulting and research services for others in the technical fields of computer and network security; and Computer security consultancy in the field of scanning and penetration testing of computers and networks to assess information security vulnerability."

37.     Leviathan's '501 Registration before the USPTO is conclusive evidence of the validity and enforceability of the Leviathan Mark for security services.

38.     Defendants' later adoption and wrongful use of the Infringing Names, in conjunction with offering security services that target the same customers, is likely to cause confusion, mistake, or deception as to source, sponsorship, or endorsement of their services, or wrongly lead consumers to conclude that some connection, authorization, or relationship exists between Defendants and Leviathan, all in willful violation of 15 U.S.C. § 1114 (Lanham Act § 32).

39.     As a proximate result of Defendants' actions, Leviathan has suffered, and will

continue to suffer, damages to its business, reputation, and goodwill, and is entitled to recover damages for this injury.

40. The willful conduct of the Defendants will continue to cause irreparable harm to Leviathan unless Defendants are restrained and enjoined from further unlawful conduct.

41. Leviathan's remedy at law is inadequate to compensate it for the injuries it will suffer in the future for the continued acts of infringement alleged herein.

42. The foregoing acts of infringement by Defendants in appropriating the Leviathan Mark – as provided in the '501 Registration – has been, and continues to be, deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

43. Plaintiff is entitled to a permanent injunction against Defendants, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs, and attorney's fees.

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE COMMON LAW OF FLORIDA

44. Leviathan re-alleges and incorporates by reference paragraphs one (1) through thirty (30) as if fully set forth herein.

45. This is an action for unfair competition under the laws of the state of Florida.

46. Defendants', by their conduct described above, are using, in commerce in the United States, an imitation of the Leviathan Mark in connection with security services. Defendants' use of the Infringing Names is likely to cause confusion, mistake, or deception among purchasers of such services as to the source of origin or sponsorship or endorsement of such goods, or wrongly lead consumers to conclude that some connection, authorization, or relationship exists between Defendants and Leviathan. Defendants' conduct constitutes trademark infringement and unfair

competition, all in willful violation of the common law of Florida.

## DAMAGES AND IRREPARABLE HARM

47. Defendants' conduct as described in paragraphs one (1) through forty-six (46) above has caused and will continue to cause great and irreparable damage, injury, and harm to Leviathan for which Leviathan has no adequate remedy at law unless this Court enjoins such acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A. That this Court preliminarily and permanently enjoin Defendants and their agents, servants, employees, and those people in active concert or participation with them from infringing Plaintiff's Leviathan Mark and all colorable imitations or variations thereof in connection with their business.

B. Plaintiff be awarded all other monetary remedies available under the Lanham Act and common law, including, but not limited to, penalties and fines, compensatory damages, treble damages, disgorgement of profits, interest, costs, and attorney's fees as legally permitted by each count respectively.

C. That this Court award Plaintiff its costs in this action together with reasonable attorney fees;

D. That this Court order that all packaging, labels, signs, prints, stationery, packages, receptacles, and advertisements in the possession, custody or control of Defendants bearing the Infringing Names or any colorable imitation thereof be delivered up and destroyed; and

E. That this Court grant Plaintiff such relief as it deems just and reasonable.

**REQUEST FOR JURY TRIAL**

Plaintiff Leviathan Security Group requests jury trial of all matters so triable as a matter of right.

DATED this December 16, 2020     Respectfully submitted,

**DICKINSON WRIGHT PLLC**

  /Catherine F. Hoffman/
Catherine F. Hoffman, Esq.
Florida Bar No. 82849
choffman@dickinsonwright.com
Vijay G. Brijbasi, Esq.
Florida Bar No.: 15037
vbrijbasi@dickinsonwright.com
Julie Dahlgard, Esq.
Florida Bar No.: 98481
jdahlgard@dickinsonwright.com
350 East Las Olas Boulevard, Suite 1750
Fort Lauderdale, Florida 33301
Phone: (954) 991-5420
Fax: (844) 670-6009

*Attorneys for Leviathan Security Group*