**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO: 20-CIV-82318-RAR

LEVIATHAN SECURITY GROUP, INC.,

Plaintiff,
v.

LEVIATHAN DEFENSE GROUP LLC
D/B/A LEVIATHAN SECURITY SOLUTIONS, and
MICHAEL W. BIRD, JR.,

Defendants.
_____/

**JOINT SCHEDULING AND DISCOVERY REPORT**

Pursuant to the Court's Order Requiring Joint Scheduling Report and Certificates of Interested Parties [D.E. 11], the Parties, by and through undersigned counsel, in accordance with Local Rule 16.1, and having conducted a scheduling conference on January 25 and 26, 2021, hereby file their Joint Scheduling and Discovery Report, and further state:

**1.   Likelihood of Settlement (S.D. Fla. L.R. 16.1(b)(2)(A)).**

The parties are open to the possibility of settlement and will initiate good faith settlement discussions. The parties are currently unable to opine on the likelihood of success of settlement.

**2.   Likelihood of Appearance in the Action of Additional Parties (S.D. Fla. L.R. 16.1(b)(2)(B))**

The parties do not currently anticipate the appearance of additional parties in this action.

**3.   Proposed Limits on Time (S.D. Fla. L.R. 16.1(b)(2)(C)).**

Please see **Exhibit "A"** attached hereto for the parties' proposed dates regarding discovery, pretrial deadlines and trial.

**4.     Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment (S.D. Fla. L.R. 16.1(b)(2)(D)).**

At present, the parties have no suggestions regarding proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment except as set forth in **Exhibit "A"**.

**5.     The Necessity or Desirability of Amendments to the Pleadings (S.D. Fla. L.R. 16.1(b)(2)(E)).**

At present, it is unlikely that amendments to the pleadings will be necessary, but the parties reserve their respective rights in this regard should discovery or other circumstances make amendments to the pleadings necessary.

**6.     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence (S.D. Fla. L.R. 16.1(b)(2)(F)).**

The parties will attempt to work cooperatively to minimize evidentiary issues without intervention of the Court.

**7.     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence (S.D. Fla. L.R. 16.1(b)(2)(G)).**

The Parties do not have any such suggestions at this time.  However, the parties understand that admissions of facts and authenticity of documents will be a means of avoiding unnecessary proof and that stipulations addressing such matters may be appropriate.  The parties will attempt to work cooperatively and confer as to ways to avoid unnecessary proof and cumulative evidence.

**8.     Suggestions on the advisability of referring matters to a Magistrate Judge or Master (S.D. Fla. L.R. 16.1(b)(2)(H)).**

The parties agree to have all discovery motions and disputes heard and decided by the United States Magistrate Judge.  The parties do not consent to a full disposition of the case by the

Magistrate Judge, including trial, motions for summary judgment and the entry of final judgment.

**9. A Preliminary Estimate of the Time Required for Trial (S.D. Fla. L.R. 16.1(b)(2)(I)).**

The Parties estimate trial of this matter will require 3-4 days.

**10. Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial (S.D. Fla. L.R. 16.1(b)(2)(J)).**

Please see **Exhibit "A"** attached hereto for the parties' proposed dates regarding discovery, pretrial deadlines and trial.

**11. Key Issues About Discovery, Privilege, and ESI (S.D. Fla. L.R. 16.1(b)(2)(K)**

Please see **Exhibit "A"** attached hereto for the parties' proposed dates regarding discovery. The parties contemplate that discovery will be needed with respect to the claims raised in the Complaint. The parties do not believe that discovery should be conducted in phases or limited or focused on particular issues. Electronically stored information should be produced in PDF format and, if necessary, in native format whenever possible.

The parties agree, generally, that an appropriate confidentiality order should be entered by the Court to minimize claims of privilege and confidentiality. In that respect, the parties will begin conferring on such an order for presentation to the Court.

At this time, the parties do not anticipate requiring any changes made in the limitations on discovery imposed by the Rules of Federal Procedure or this Court's Local Rules. However, the parties reserve their rights to request discovery in excess of these limitations.

**12. Any Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference (S.D. Fla. L.R. 16.1(b)(2)(L)).**

The parties have no additional suggestions at this time.

**Respectfully submitted,**

**Dated January 26, 2021**

| **DICKINSON WRIGHT PLLC** | **PERETZ CHESAL & HERRMANN, P.L.** |
|---|---|
| 350 East Las Olas Boulevard, Suite 1750 | 1 S.E. 3rd Avenue, Suite 1820 |
| Fort Lauderdale, Florida 33301 | Miami, Florida 33131 |
| Phone: 954-991-5420 | T: 305-341-3000 \| |
| Fax: 844-670-6009 | F: 305-371-6807 |
| | |
| /s/ Catherine F. Hoffman | /s/Alberto Alvarez |
| Catherine F. Hoffman, Esq. | Steven I. Peretz, Esq. |
| Florida Bar Number: 828459 | speretz@pch-iplaw.com |
| choffman@dickinsonwright.com | Florida Bar No. 329037 |
| Vijay G. Brijbasi, Esq. | Michael B. Chesal, Esq. |
| Florida Bar No.: 15037 | mchesal@pch-iplaw.com |
| vbrijbasi@dickinsonwright.com | Florida Bar No. 775398 |
| *Counsel for Plaintiff* | Alberto Alvarez, Esq. |
| | aalvarez@pch-iplaw.com |
| | Florida Bar No. 106859 |
| | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF to the following party:

Steven I. Peretz, Esq.    speretz@pch-iplaw.com    Florida Bar No. 329037
Michael B. Chesal, Esq.   mchesal@pch-iplaw.com    Florida Bar No. 775398
Alberto Alvarez, Esq.     aalvarez@pch-iplaw.com   Florida Bar No. 106859
Peretz Chesal & Herrmann, P.L.
1 S.E. 3rd Avenue, Suite 1820
Miami, Florida 33131
T: 305-341-3000 | F: 305-371-6807
*Counsel for Defendants*

/s/ Catherine Hoffman
Catherine F. Hoffman.
Florida Bar Number: 828459

4

4814-8996-3481 v1 [95302-1]

**EXHIBIT "A" TO JOINT SCHEDULING AND DISCOVERY REPORT**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO: 20-CV-82318-RAR

LEVIATHAN SECURITY GROUP, INC.,

Plaintiff,
v.

LEVIATHAN DEFENSE GROUP LLC
D/B/A LEVIATHAN SECURITY SOLUTIONS, and
MICHAEL W. BIRD, JR.,

Defendants.
_____/

Pursuant to the Court's Order Requiring Joint Scheduling Report and Certificates of Interested Parties [D.E. 11], the parties propose the following schedule:

| | |
|---|---|
| Case track | Standard |
| Parties exchange Rule 26(a) Disclosures | February 12, 2021 |
| Joinder of Parties and Amendment to Pleadings | February 26, 2021 |
| Expert Disclosures with Reports | June 18, 2022 |
| Rebuttal Disclosures with Reports | July 16, 2021 |
| Deadline to Complete Fact Discovery | August 6, 2021 |
| Deadline to Complete all Expert Discovery | September 3, 2021 |
| Deadline to Complete Mediation | September 17, 2021 |
| Deadline for the Filing of All Dispositive Motions | October 1, 2021 |
| Deadline for Filing Pretrial Motions, including Motions in Limine and *Daubert* Motions | October 1, 2021 |

2

| | |
|---|---|
| Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3), and Designation of Depositions for Trial | December 3, 2021 |
| Submission of Voir Dire and Objections to Deposition Designations | December 17, 2021 |
| Joint Pre-Trial Stipulation | January 14, 2022 |
| Pre-Trial Conference (if desired by Court) | January 31, 2022 |
| Proposed Trial Date | February 7, 2022 |
| Estimated Number of Days for Trial | 3-4 Days |
| Jury Trial or Bench Trial | Jury |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO: 20-CIV-82318-RAR

LEVIATHAN SECURITY GROUP, INC.,

Plaintiff,
v.

LEVIATHAN DEFENSE GROUP LLC
D/B/A LEVIATHAN SECURITY SOLUTIONS, and
MICHAEL W. BIRD, JR.,

Defendants.
_____/

**ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING**
**MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

**THIS CASE** is set for trial during the Court's two-week trial calendar beginning on **February 7, 2022**. Counsel for all parties shall also appear at a calendar call at **11:00 a.m. on XXXX**.[1] Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 205C at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The parties shall adhere to the following schedule:

> **April 30, 2021**. The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for mediation; and jointly **file a proposed order scheduling mediation via CM/ECF** in the form specified on the Court's website. In addition to filing the joint proposed order, the parties shall also email the order to ruiz@flsd.uscourts.gov in Word format. **The email subject line must include the case number as follows: 20-CIV-82318-RAR**. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as the impasse becomes clear, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.[2] Within **seven (7) days** of the mediation, the parties shall file a joint mediation report with the Court.

---

[1] Pursuant to Local Rule 16.1(c), the Court does not conduct pretrial conferences unless otherwise requested by the parties

[2] Pursuant to Local Rule 16.2(e), the appearance of counsel and each party (or the representatives of each party with full authority to enter into a full and complete compromise and settlement) is mandatory. The Court may impose sanctions against parties and/or counsel who do not comply with these attendance or settlement authority requirements. The mediator shall report non-attendance to the Court and may recommend the imposition of sanctions for non-attendance.

The report shall indicate whether the case settled (in full or in part), whether it was adjourned, or whether the mediator declared an impasse. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**February 26, 2021**. The parties shall file all motions to amend pleadings or to join parties.

**June 18, 2022**. The parties shall exchange expert witness summaries or reports.

**July 16, 2022**. The parties shall exchange rebuttal expert witness summaries or reports.

**September 3, 2021**. All discovery, including expert discovery, shall be completed.[3]

**September 17, 2021**. The parties must have completed mediation and filed a mediation report.

**October 1, 2021**. The parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**January 14, 2022**. The parties shall submit a joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**Jury Instructions and Verdict Form**. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. The parties shall submit, in Word format via e-mail to ruiz@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges

---

[3] The parties may, by agreement or with the consent of the paired Magistrate Judge, extend this deadline so long as that extension does not interfere with any of the other deadlines contained in this Scheduling Order.

and defenses, prior to the Calendar Call. **The email subject line must include the case number as follows: 20-CIV-82318-RAR**. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are hereby referred to United States Magistrate Judge **XXXX**. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by the Magistrate Judge. **The deadline for submitting a consent is February 12, 2021**.

**Good Faith Conferral**. For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of Magistrate Judge XXXX**. Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The

Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they **shall not file written motions**. Rather, the parties shall follow Judge **XXXX**'s Discovery Procedure Order to schedule the matter for a hearing.

**Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Plaintiff reserves the use of any other relevant evidence*. Exhibits omitted from the list will not be allowed at trial.

**Voir Dire Questions**. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court on or before Calendar Call and must also be submitted to the Court, in Word format, via e-mail to ruiz@flsd.uscourts.gov. **The email subject line must include the case number as follows: 20-CIV-82318-RAR**. The Court will begin voir dire by questioning the venire individually and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors.

**Settlement Notification**. If this matter is settled, counsel shall inform the Court promptly via telephone (954-769-5560) and/or e-mail (ruiz@flsd.uscourts.gov). In addition, counsel must promptly file a stipulation of settlement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this [day] day of [month], 2019.

                                                  **RODOLFO RUIZ**
                                                  **UNITED STATES DISTRICT JUDGE**

cc: counsel of record