UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-82318-RAR

**LEVIATHAN SECURITY GROUP, INC.**,

    Plaintiff,

v.

**LEVIATHAN DEFENSE GROUP LLC
D/B/A LEVIATHAN SECURITY SOLUTIONS**, and
**MICHAEL W. BIRD, JR.**,

    Defendants.
_____/

### ORDER SETTING JURY TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS CASE** is set for trial during the Court's two-week trial calendar beginning on **December 20, 2021**. Counsel for all parties shall also appear at a calendar call at **11:00 a.m. on December 14, 2021**.[1] Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 205C at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The parties shall adhere to the following schedule:

**February 25, 2021**. The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for mediation; and jointly **file a proposed order scheduling mediation via CM/ECF** in the form specified on the Court's website. In addition to filing the joint proposed order, the parties shall also email the order to ruiz@flsd.uscourts.gov in Word format. **The email subject line must include the case number as follows: XX-CV-XXXX-RAR**. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as the impasse becomes clear, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.[2] Within

---

[1] Pursuant to Local Rule 16.1(c), the Court does not conduct pretrial conferences unless otherwise requested by the parties.

[2] Pursuant to Local Rule 16.2(e), the appearance of counsel and each party (or the representatives of each party with full authority to enter into a full and complete compromise and settlement) is mandatory. The Court may impose sanctions against parties and/or counsel who do not comply with these attendance or

**seven (7) days** of the mediation, the parties shall file a joint mediation report with the Court. The report shall indicate whether the case settled (in full or in part), whether it was adjourned, or whether the mediator declared an impasse. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**March 18, 2021**. The parties shall file all motions to amend pleadings or to join parties.

**July 27, 2021**. The parties shall exchange expert witness summaries or reports.

**August 10, 2021**. The parties shall exchange rebuttal expert witness summaries or reports.

**August 24, 2021.** All discovery, including expert discovery, shall be completed.[3]

**August 31, 2021**. The parties must have completed mediation and filed a mediation report.

**September 7, 2021**. The parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification**.

**October 5, 2021**. The parties shall submit a joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification**.

<u>**Jury Instructions and Verdict Form**</u>. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including

---

settlement authority requirements. The mediator shall report non-attendance to the Court and may recommend the imposition of sanctions for non-attendance.

[3] The parties may, by agreement or with the consent of the paired Magistrate Judge, extend this deadline so long as that extension does not interfere with any of the other deadlines contained in this Scheduling Order.

the directions to counsel contained therein. The parties shall submit, in Word format via e-mail to ruiz@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges and defenses, prior to the Calendar Call. **The email subject line must include the case number as follows: XX-CV-XXXX-RAR**. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are hereby referred to United States Magistrate Judge Bruce E. Reinhart. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by the Magistrate Judge. **The deadline for submitting a consent is September 7, 2021**.

**Good Faith Conferral**. For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of**

**Magistrate Judge Reinhart**. Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they **shall not file written motions**. Rather, the parties shall follow Judge Reinhart's Discovery Procedure Order to schedule the matter for a hearing.

**Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit. The exhibit list shall refer to specific items and shall not include blanket statements such as *all exhibits produced during depositions* or *Plaintiff reserves the use of any other relevant evidence*. Exhibits omitted from the list will not be allowed at trial.

**Voir Dire Questions**. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court on or before Calendar Call and must also be submitted to the Court, in Word format, via e-mail to ruiz@flsd.uscourts.gov. **The email subject line must include the case number as follows: XX-CV-XXXX-RAR**. The Court will begin voir dire by questioning the venire individually and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors. Counsel shall meet and

prepare a concise, non-argumentative statement of the case to be read to the jury in connection with voir dire.  The statement shall be filed with the Court also **at or before calendar call**.

**Settlement Notification**.  If this matter is settled, counsel shall inform the Court promptly via telephone (954-769-5560) and/or e-mail (ruiz@flsd.uscourts.gov).  In addition, counsel must promptly file a stipulation of settlement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record